IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ABIGAIL SOSTRE-BURGOS,

Plaintiff

v.                                              CIVIL 05-1230 (JAF)

COMMISSIONER OF SOCIAL SECURITY,

Defendant

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On March 2, 2005, plaintiff filed this petition for judicial review of a final decision of the Commissioner of Social Security which denied her application for a period of disability and Social Security disability insurance benefits.  The defendant filed a memorandum in support of the final decision on July 6, 2005.  (Docket No. 9.)  Plaintiff failed to timely file a reply memorandum.

The only issue for the court to determine is whether the final decision that plaintiff is not under a disability is supported by substantial evidence in the record when looking at such record as a whole.  In order to be entitled to such benefits, plaintiff must establish that she was disabled under the Act at any time on or before December 1, 2004, the date of the final decision.  See Evangelista v. Sec'y of Health & Human Servs., 826 F.2d 136, 140 n.3 (1st Cir. 1987).

After evaluating the evidence of record, the administrative law judge entered the following findings:

> 1.  The claimant meets the nondisability requirements for a period of disability and Disability Insurance Benefits set forth in Section 216(i) of the Social Security Act and is insured for benefits through the date of this decision.

CIVIL 05-1230 (JAF)                    2

2.   The claimant has not engaged in substantial gainful activity since the alleged onset of disability.

3.   The claimant's back condition, right Carpal Tunnel Syndrome and depression are considered "severe" based on the requirements in the Regulations 20 CFR § 404.1520(c).

4.   These medically determinable impairments do not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4.

5.   The undersigned finds the claimant's allegations regarding her limitations are not totally credible for the reasons set forth in the body of the decision.

6.   The claimant has the residual functional capacity to perform the exertional demands of light work.  Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, an individual must have the ability to do substantially all of these activities.  If someone can do light work, we determine that she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods.   The claimant should avoid pushing, pulling or lifting with the right arm and climbing ramp or stairs.  She was found able to engage in unskilled work.  Unskilled work requires to understand, remember and carry out simple instructions, use judgment in simple work related situations, respond appropriately to supervisor, co-workers and ususal work situations, deal with changes in a routine work setting, tolerate criticism and normal work production stress and meet regular attendance and production schedules.

7.   The claimant is unable to perform any of her past relevant work (20 CFR § 404.1565).

8.   The claimant is a "younger individual between the ages of 18 and 44" (20 CFR § 404.1563).

9.   The claimant has a "high school (or high school equivalent) education" (20 CFR § 404.1564).

10.  The claimant has no transferable skills from any past relevant as described in the text of this decision (20 CFR § 404.1568).

11.  Although the claimant's exertional limitations do not allow her to perform the full range of light work, using Medical-Vocational Rule 202.21 as a framework for decision-making, there are a significant number of jobs in the national economy that she could perform.  Examples of such jobs include work as garment final assembler, of which there are 225 in the area where the claimant lives and 875 in Puerto Rico; and as garment packager, of which there are 200 in the area and 800 in Puerto Rico.   These jobs are light, unskilled and

CIVIL 05-1230 (JAF)                          3

> accommodate the claimant's postural and manipulative limitations.
>
> 12. The claimant was not under a "disability," as defined in the Social Security Act, at any time through the date of this decision (20 CFR § 404.1529(g)).

Tr. at 21-22.

Plaintiff has the burden of proving that she has become disabled within the meaning of the Social Security Act. See Bowen v. Yuckert, 482 U.S. 137 (1987). A finding of disability requires that plaintiff be unable to perform any substantial gainful activity or work because of a medical condition which has lasted or which can be expected to last for a continuous period of at least twelve months. See 42 U.S.C. § 416(i)(1). In general terms, evidence of a physical or mental impairment or a combination of both is insufficient for the Commissioner to award benefits. There must be a causal relationship between such impairment or impairments and plaintiff's inability to perform substantial gainful activity. See McDonald v. Sec'y of Health & Human Servs., 795 F.2d 1118, 1120 (1st Cir. 1986). Partial disability does not qualify a claimant for benefits. See Rodríguez v. Celebrezze, 349 F.2d 494, 496 (1st Cir. 1965).

The administrative law judge noted in his rationale that the plaintiff has a history of back and hands conditions, including right carpal tunnel syndrome, osteoarthritis, a spinal condition and depression. (Tr. at 17.) Plaintiff had some muscular spasm. Plaintiff's evaluations revealed moderate cervical muscle spasm with some decrease in motion, as well as moderate paravertebral lumbosacral muscle spasm. Dr. Héctor J. Cases Mayoral diagnosed chronic cervical strain, chronic lumbosacral strain, and likely right carpal tunnel syndrome. (Tr. at 235-43.) A consultative neurological evaluation by Dr. Héctor J. Cases Gallardo, dated March 31, 2003, resulted in a diagnosis of right carpal tunnel syndrome, moderate

CIVIL 05-1230 (JAF)                    4

cervical lumbosacral muscle spasm L5 lumbarization/scoliosis, major depression, and no clinical evidence of cervical or lumbar radiculopathy. (Tr. at 276-83.)

A physical residual functional capacity assessment by Dr. Acisclo M. Marxuach dated August 9, 2002 found minimal exertional limitations. (Tr. at 248-55.) This assessment was affirmed by Dr. J. R. Pesquera on May 2, 2003. (Tr. at 255.)

Plaintiff was seen by psychiatrist Dr. Heriberto D. Lourido Ferrer, who found her to be disabled. (Tr. at 256-66.) However, his opinion is contradicted by other evidence of record as well as being internally inconsistent, particularly since plaintiff has consistently been found to be cooperative, alert, logical, coherent and oriented. (Tr. at 18-19.) Dr. José M. Pou's hearing testimony also contradicts this finding, (Tr. at 35-40), as does the report of Dr. Casas Gallardo. Vocational expert, Dr. Ariel Cintrón testified, based upon hypothetical questioning that plaintiff could perform light unskilled work, and gave examples. (Tr. at 40-44.)

The administrative law judge ended the sequential inquiry at step five. At this level, it has already been determined that the claimant cannot perform any work she has performed in the past due to a severe impairment or combination of impairments. The inquiry requires a consideration of the claimant's residual functional capacity as well as the claimant's age, education, and past work experience to see if the claimant can do other work. If the claimant cannot, a finding of disability will follow. See 20 C.F.R. § 404.1520(f). At step five, the Commissioner bears the burden of determining that significant jobs exist in the national economy given the above factors. See Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lancelotta v. Sec'y of Health & Human Servs., 806 F.2d 284 (1st Cir. 1986); Vázquez v. Sec'y of Health & Human Servs., 683 F.2d 1, 2 (1st Cir. 1982).

CIVIL 05-1230 (JAF)                              5

In relation to the exertional and non-exertional impairments, the administrative law judge adequately weighed the same and applied the correct standards in such weighing process.  For example, if the claimant's limitations are exclusively exertional, the Commissioner can meet her burden through the use of a chart contained in the Social Security regulations.  20 C.F.R. § 416.969; Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, app. 2, tables 1-3 (2001), cited in 20 C.F.R. § 416.969; Heckler v. Campbell, 461 U.S. 458 (1983). The GRID, as it is known, consists of a matrix of the claimant's exertional capacity, age, education, and work experience.  If the facts of the claimant's situation fit within the GRID's categories, the GRID "directs a conclusion as to whether the individual is or is not disabled."  20 C.F.R. pt. 404, subpt. P, app. 2, § 200.00(a), cited in 20 C.F.R § 416.969.  In general, when a nonexertional limitation is found to impose no significant restriction on the range of work a claimant is exertionally able to perform, reliance on medical-vocational guidelines is appropriate.  See Rose v. Shalala, 34 F.3d 13, 15 (1st Cir. 1994); Sherwin v. Sec'y of Health & Human Servs., 685 F.2d 1, 2-3 (1st Cir. 1982).  Even where a nonexertional impairment is significant, the GRID may still be used as "a framework for consideration of how much the individual's work capability is further diminished . . . ." 20 C.F.R. pt. 404 subpt. P. app. 2, § 200.00(e)(2) (1997); Ortiz v. Sec'y of Health & Human Servs., 890 F.2d 520, 524 (1st Cir. 1989); Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).  Thus, if the applicant has nonexertional limitations, such as mental, sensory, or skin impairments, (see 20 C.F.R. pt. 404 subpt. P. app. 2, § 200(e)), that restrict her ability to perform jobs she would otherwise be capable of performing, then the GRID is only a "framework to guide [the] decision ." 20 C.F.R. § 416.969a(d) (2001); Seavey v. Barnhart, 276 F.3d 1,

CIVIL 05-1230 (JAF)                     6

5 (1st Cir. 2001).  Using the GRID as a framework for decision-making, the administrative law judge decided that plaintiff could perform light work and sedentary work.

The administrative law judge thoroughly considered Dr. Lourido's report and did not give it controlling weight.  (Tr. at 18-19.)  It is well settled that even the opinions of treating physicians are not entitled to greater weight merely because they are treating physicians.  Rodríguez Pagán v. Sec'y of Health & Human Servs., 819 F.2d at 3; Sitar v. Schweiker, 671 F.2d 19, 22 (1st Cir. 1982); Pérez v. Sec'y of Health, Educ. & Welfare, 622 F.2d 1 (1st Cir. 1980); Rosado-Lebrón v. Comm'r of Soc. Sec., 193 F. Supp. 2d 415, 417 (D.P.R. 2002).  The administrative law judge was not required to give the opinions controlling weight.  See 20 C.F.R. § 404.1527(d); cf. Sánchez v. Comm'r of Soc. Sec., 270 F. Supp. 2d 218, 221 (D.P.R. 2003).

The administrative law judge further acknowledged the presence of a condition which could produce pain.  As the administrative law judge noted in his rationale, these were required to be considered under SSR 96-2p, 96-6p, 96-7p and 20 C.F.R. §§ 404.1527, 404.1529 (Tr. at 17, 19); see Avery v. Sec'y of Health & Human Servs., 797 F.2d 19 (1st Cir. 1986).  The factors to be weighed under the correct standard are the following:

> (i)    Your daily activities;
> (ii)   The location, duration, frequency, and intensity of your pain or other symptoms;
> (iii)  Precipitating and aggravating factors;
> (iv)   The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
> (v)    Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
> (vi)   Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and

CIVIL 05-1230 (JAF)                    7

      (vii)     Other factors concerning your functional limitations
                 and restrictions due to pain or other symptoms.

20 C.F.R. § 404.1529(c)(3); see also SSR 96-7p.

The administrative law judge generally addressed the required factors within the rationale as he found it necessary to address them in support of the final decision. (Tr. at 17-19.) The administrative law judge considered the relevant factors and explained the grounds for his reasoning.

The rationale behind the final decision reflects an adequate balancing and weighing of evidence by the administrative law judge. The administrative law judge weighed evidence of plaintiff's subjective complaints against the evidence in the record, as well as conflicts in the evidence. While not disregarding plaintiff's allegations, the judge weighed them against the lack of medical findings as a whole which would tend to support such allegations. (Tr. at 18.) The administrative law judge noted that the preponderance of the medical evidence revealed well controlled medical conditions that moderately affect plaintiff's physical capacities, but not sufficiently to preclude a work routine. (Tr. at 18.) In reaching the final decision, the administrative law judge considered the medical reports as well as the physical residual functional capacity assessment (Tr. at 248-55), the psychiatric review technique form (Tr. at 217-30), and the mental residual functional capacity assessment (Tr. at 231-34), the latter two of which reflected at most a moderate condition, and which assessments aided the administrative law judge in translating the relevant, bare medical data into functional and vocational terms.

The rationale of the administrative law judge is thorough and a reasonable weighing of the evidence does not point to a requirement that the Commissioner find plaintiff to be disabled under the Social Security Act. Looking at the evidence as a

CIVIL 05-1230 (JAF)                    8

whole, I cannot find that the Commissioner's decision has failed to comply with the requirements of the substantial evidence rule. There being no good cause to remand, I recommend that the final decision of the Commissioner be affirmed and that this action be dismissed.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985), reh'g denied, 474 U.S. 1111 (1986); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 20th day of September, 2005.


                                        S/ JUSTO ARENAS
                                Chief United States Magistrate Judge